No. A-CV-13-83

IN THE COURT OF APPEALS OF THE NAVAJO NATION

November 18, 1983

THE NAVAJO NATION, Appellant,

vs.

JUDGE JAMES ATCITTY, Respondent.

Appeal before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Harry D. Brown.

Larry Kee Yazzie, Esquire, Chief Prosecutor, Office of the Prosecutor, The Navajo Nation, Window Rock, (Arizona), for Petitioner and Wilbert Tsosie, Esquire, of Shiprock, Navajo Nation (New Mexico) for the Defendant.

This subsequent order now comes before this Court in response to legal arguments made pursuant to an Order dated June 3, 1983, by the Chief Justice. Such review is proper and correct in light of the memorandum of law submitted by the Office of the Chief Prosecutor for the Navajo Nation. This order now is presented with the issues surrounding the petition for a writ of mandamus asking that the Honorable James Atcitty be commanded to assume jurisdiction in the matter captioned Navajo Nation v. Darrell Curtis, No. SR-CR-1570-83, District Court of the Navajo Nation, District of Shiprock.

## STATEMENT OF FACTS

On April 9, 1983, a criminal complaint was filed in the Shiprock District Court naming the above named defendant for violating 17 N.T.C. Sec. 443, Sexual Assault. The complaint was signed by Everett John in his official capacity as a Police Officer of the Navajo Nation. On May 10, 1983, the Shiprock District Court dismissed the complaint and reasoned that it "can be refiled by Davis Woody as complainant within ten (10) working days." Mr. Woody is the alleged victim of the sexual assault perpetrated by Darrell Curtis. The subsequent Motion for Reconsideration was filed and denied by the District Court. On May 10, 1983, the District Prosecutor for the Shiprock District refiled and signed the complaint as the complainant in his official capacity in the same cause of action. At the same time, a demand for a jury trial was filed with the court. The District Court failed to issue the requested criminal summons and the Office of the Prosecutor for the Navajo Nation filed a writ of mandamus with this Court seeking judicial review of the District Court's disposition of the matter.

This Court therein found that it has jurisdiction where a writ or order is necessary to (1) complete the exercise of its jurisdiction; (2) to prevent or remedy an act of the Trial Court which is beyond its jurisdiction; or, (3) cause the Trial Court to act where it unlawfully fails or refuses to act wtihin its jurisdiction. 7 N.T.C. Sec. 303. Actions under this statute are original proceedings before the Court of Appeals are not appeals as they are special proceedings. Rule 16, Rules of Appellate Procedure.

This case raises the legal issues of (1) who must sign a criminal complaint; (2) the duty of the court to issue a summons or warrant of arrest upon the filing of a complaint; and, (3) the right of the Navajo Nation to a trial upon a criminal complaint filed by one of its prosecutors. These are all issues that go to the statutory provision which gives this Court the jurisdiction to order a judge to act where he or she unlawfully fails or refuses to act within his or her jurisdiction. Therefore, in light of the above need to settle this matter and further due to the enabling statutory provisions of the Navajo Tribal Code and this Court, the petition on file appears to be within the jurisdiction of this Court. It is further found that there exists probable cause pursuant to 7 N.T.C. Sec. 801(b) and it is within the realm and jurisdiction of the Court to decide the issues as now presented.

I. Who must be the Signatory to a Criminal Complaint for the Issuance of a Criminal Summons in the Courts of the Navajo Nation?

This issue is perhaps the most pressing and pertinent legal issue to be resolved. The enabling statute that the Court focuses on is found in Title 17 of the Navajo Tribal Code Section 1801 which states:

"No complaint filed in any court of the Navajo Nation shall be valid unless it shall bear the signature of the complainant or complaining witness, witness by a duly qualified Judge of the Courts of the Navajo Nation or by the Chairman of the Navajo Tribal Council, or his duly authorized representative."

The complaining witness in this matter was Officer Everett John, Navajo Division of Public Safety, Shiprock District. There is absolutely no doubt that Officer John has the capacity to sign as the complaining witness. Moreover, when examining the role of the Office of the Prosecutor found in 2 N.T.C. Sec. 985, the combined functions of the Navajo Division of Public Safety with the Office of the Prosecutor mandates that clearly the police officer can sign the complaint and that the prosecutor file the criminal action[1]

In examining 2 N.T.C. Sec. 981 et. seq., the Navajo Tribal Council has succinctly outlined the duties and responsibilities of the

---

[1] On January 26, 1983 a meeting was held between the Judges of the Navajo Nation and Office of the Prosecutor for the Navajo Nation wherein it was agreed that prosecutors and police officers will begin signing criminal complaint based on their information and belief that a crime has occured.

Office of the Prosecutor and staff for the processing of criminal actions before the Courts of the Navajo Nation. Within such authority is the ability to institute proceedings before the judges of the Courts of the Navajo Nation when... "in the opinion of the Prosecutor, he has information that offenses have been committed, and to prosecute such persons to the full extent of the law." Thus, if the police officer has reasonable information regarding such violation of Titles 14 and/or 17 then, accordingly, he or she can be a signatory to a criminal complaint and file such action with the Office of the Prosecutor to await the decision as to whether prosecution will go forward. Because of the ability to "institute proceedings" rests within the powers granted to the Office of the Prosecutor, then such provisions clearly authorizes the Prosecutor to sign a complaint on behalf of the Navajo Nation.

A scenario finding a person who may have been badly battered and unable to actually sign or verify a complain may still be actionable by the Office of the Prosecutor on behalf of the victim. A contrary holding would create further victimization of persons who are either unable to sign as a complainant or complaining witness. Therefore, in making the requisite findings related to the processing of criminal complaints, the Courts herein finds that as long as an officer of the Navajo Division of Public Safety or the Office of the Prosecutor has reasonable information as to the authenticity of the complaint and the facts surrounding such offense, he or she may be a signatory to the criminal complaint. It is abundantly clear that an injured party has their remedy at law to either quash such complaint or have it dismissed.

II. Duty of the Court to Issue Summons or Warrant upon a filing of a Criminal Complaint.

Inherent within the province of the Courts of the Navajo Nation is the responsibility of issuing summons and warrants upon the proper filing of a criminal complaint by the Office of the Prosecutor.

It is clear that the prosecutor has the prosecuting function. 2 N.T.C. Sec. 1972 (as amended by Resolution CF-8-82) indicates that one of the purposes of the Office of the Prosecutor in the Department of Justice is "to prosecute to completion all cases involving alleged violations of the Navajo Tribal Code by Indian persons..." It is the mandatory duty of the prosecutor to "investigate, prosecute and dispose of all cases within his or her jurisdiction ..." 2 N.T.C. Sec. 1974(2). While these statutes give the prosecutor the authority to prosecute, 7 N.T.C. Sec. 253(1) enables the Courts of the Navajo Nation to issue such summons or warrants applicable to a criminal prosecution.

III. Right to Trial upon filing of a Criminal Complaint

7 N.T.C. Sec. 651(a) outlines the province for..." a trial and trial by jury by any party, upon demand, of any issue of fact." The Navajo Nation by and through its prosecutor is absolutely entitled to their "day in court." If any assemblance of due process is to be upheld by the Courts of the Navajo Nation, it is of critical importance that the same protections afforded an accused be granted to the prosecutor in the filing and prosecuting of a criminal complaint. To thwart such procedure would be to undermine the Navajo judicial process. Such due

process protections is an inherent element in the jurisprudence dynamic found in the federal and state courts and is equally found within the mandates and procedures of the Courts of the Navajo Nation.

IT IS HEREBY ORDERED that the matter of <u>Navajo Nation</u> v. <u>Darrell Curtis</u> No. SR-CR-1570-83 be remanded back to the Shiprock District Court with the instructions to the Honorable James D. Atcitty to grant the Office of the Prosecutor the opportunity to file such criminal complaint initially brought before the court and to further instruct the Shiprock District Court to issue the appropriate Criminal summons pertinent to this cause of action.

IT IS FURTHER ORDERED that the matter brought before the Shiprock District Court be allowed the opportunity to schedule a jury trial as mandated by 7 N.T.C. Sec. 651(a).

SO ORDERED.